SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF TIOGA
───────────────────────────────────────X

SOUTHERN TIER HOTEL LLC.,

          Plaintiff,

   -against-

AMGUARD INSURANCE COMPANY,

          Defendant.
───────────────────────────────────────X

Index No.:

**SUMMONS**

AmGuard Insurance Company
39 Public Square
Wilkes-Barre, PA 18703

**To the above-named Defendant, AMGUARD INSURANCE COMPANY**:

    **YOU ARE HERBY SUMMONED** and required to serve upon Plaintiff's attorneys an Answer to the Complaint, in this action within twenty (20) days after the service of this Summons, exclusive of the day of service, or, within thirty (30) days after service is complete, if this Summons is not personally delivered to you, within the State of New York.

    In case of your failure to Answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    The basis of the venue designated is the place of the insured premises of the Plaintiff, located in Tioga County, property address at 1100 State Route 17C, Owego, NY 13827-4822.

Dated: New York, New York
       September 23, 2022

                                      /s/ *Daniel W. Ballard*
                                      Daniel W. Ballard, Esq.
                                      plasalle@merlinlawgroup.com
                                      **MERLIN LAW GROUP, P.A.**
                                      100 Park Avenue, 16th Floor
                                      New York, New York 10017
                                      Telephone: 732-704-4647
                                      Facsimile: 732-704-4651
                                      *Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF TIOGA
_____X

SOUTHERN TIER HOTEL LLC,                          Index No.:

        Plaintiff,

        -against-                                **COMPLAINT**

AmGUARD INSURANCE COMPANY                         JURY TRIAL REQUESTED

        Defendant.
_____X

        Plaintiff, SOUTHERN TIER HOTEL LLC (hereinafter "Plaintiff"), by and through its attorneys, Merlin Law Group, P.A., as and for its Complaint against Defendant, AmGUARD INSURANCE COMPANY ("AmGUARD"), alleges as follows:

## THE PARTIES

        1.    At all times material hereto, Plaintiff is the owner of real and personal property, and had an insurable interest in real and personal property, located at 1100 State Route 17C, Owego, NY 13827-4822 ("the Property").

        2.    At all times material hereto, AmGUARD was a Corporation organized under the laws of the State of New York, with its principal place of business in Pennsylvania.

## JURISDICTION AND VENUE

        3.    This Court has jurisdiction because Plaintiff's claim exceeds the monetary limit of all lower courts which would have otherwise had jurisdiction of this matter.

        4.    Venue is proper in Tioga County because the Property is located within Tioga County and AmGUARD voluntarily insured property located in Tioga County.

        5.    This action is brought within two years from the date of loss or occurrence as specified and required by the Policy and applicable law.

1

## FACTUAL BACKGROUND

6. This is an action by the Plaintiff against AmGUARD for breach of contract and for benefits owed under an insurance policy, which have not been paid, stemming from significant property damage to the Property.

7. In consideration for the premiums paid to it by Plaintiff, AmGUARD issued and delivered to Plaintiff an "all risk" policy of property insurance, bearing policy number SOBP103790, in effect from March 30, 2020 through March 30, 2021 (the "Policy").

8. The Policy was sold by AmGUARD to the Plaintiff, all premiums on the Policy were paid, and the Policy was in full and continuing force and effect at all relevant times herein.

9. On or about December 16, 2020, a sudden and accidental water loss caused significant damage to Plaintiff's property.

10. Plaintiff promptly submitted an insurance claim to AmGUARD for the damage to the property

11. AmGUARD assigned claim number SOBP103790-001 to Plaintiff's claim, inspected Plaintiff's insured premises, and handled the claim through its duly authorized representatives and adjusters.

12. Plaintiff complied with all conditions precedent to obtaining payment of benefits under the Policy or AmGUARD has waived such conditions precedent.

13. AmGUARD, through its adjuster and/or representatives, covered only a portion of Plaintiff's claim.

14. Plaintiff has sought professional help to assist with its claim, because it disagreed with AmGUARD's assessment of coverage and damages.

15. AmGUARD has failed and refused to provide full coverage for Plaintiff's loss from the water damage.

16. The Plaintiff's property suffered damage from a sudden and accidental water loss which AmGUARD has failed to fully pay.

17. AmGUARD has breached the insurance contract by not compensating Plaintiff for its claim and forcing Plaintiff to incur the additional cost of hiring attorneys.

## AS AND FOR THE FIRST CAUSE OF ACTION
**(Breach of Contract as against AmGUARD)**

18. The allegations contained in the prior paragraphs and Counts are hereby re-alleged and incorporated as if set forth verbatim herein.

19. The Policy was a valid and enforceable contract between Plaintiff and AmGUARD.

20. At all times relevant hereto, AmGUARD insured for direct physical loss of or damage to Plaintiff's property.

21. On or about December 16, 2020, Plaintiff's property sustained direct physical loss that is covered under the Policy.

22. AmGUARD was given timely notice of the loss, and all other conditions of the Policy, including but not limited to payment of premium and full cooperation, have been satisfied.

23. AmGUARD's contractual duty to indemnify Plaintiff for the value of the loss has been triggered.

24. AmGUARD has failed and refused to fully pay for damages caused by the covered peril.

3

25. Plaintiff provided AmGUARD with all information necessary to properly evaluate the claim.

26. Because of AmGUARD's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing Plaintiff with respect to this cause of action.

27. Due to AmGUARD's breach of contract, Plaintiff has suffered damages by not being fully compensated for physical damage to the Property.

28. The loss incurred by Plaintiff was a direct and foreseeable consequence of AmGUARD's aforementioned wrongful conduct in that such wrongful conduct by the insurer could cause additional monetary loss was reasonably foreseeable and contemplated by the parties at the time of contracting under the subject Policy.

29. As a direct and proximate result of the breach of contract by AmGUARD, Plaintiff has suffered and continues to suffer damages in an amount to be determined at the jury trial of this action.

**WHEREFORE,** Plaintiff demands judgment against AmGUARD for compensatory damages, incidental damages, consequential damages, costs and interest of suit, and such other relief as the Court may deem equitable and just.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 23, 2022

                Respectfully submitted,

                */s/: Daniel W. Ballard, Esq.*
                Daniel W. Ballard, Esq.
                DBallard@merlinlawgroup.com
                **MERLIN LAW GROUP, P.A.**
                100 Park Avenue, 16th Floor

New York, New York 10017
Tel.: 732.704.4647
Fax: 732.704.4651
*Attorneys for Plaintiff*